# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICARDO BANUELOS,

        Defendant.

2:07-CR-137 JCM (RJJ)

## ORDER

Presently before the court is defendant Ricardo Banuelos' *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. # 89). The court granted defendant's motion for leave to file a supplemental memorandum of points and authorities (doc. #93), and defendant filed a supplemental memorandum (doc. #91). The government filed an opposition. (Doc. #94). Defendant then filed a reply. (Doc. #97).

On December 21, 2009, the court sentenced defendant to 70 months in custody for distribution of a controlled substance pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). (Doc. #82).

In the instant § 2255 motion to vacate sentence, defendant argues: (1) that he was denied effective assistance of counsel at sentencing; (2) that his federal sentence should run concurrently with his state sentence; and (3) that he did not receive credit for time served. (Docs. #89 and #91). Specifically, defendant argues that his counsel failed to investigate the facts of his case adequately. As a result, his counsel failed to move the court to "run the federal sentence concurrently with the

already imposed state sentence." (Doc. #91).

The government opposes defendant's motion. (Doc. #94). First, the government asserts that defendant has failed to establish both of the prongs required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to show ineffective assistance of counsel. The government argues that defendant cannot show that his counsel acted outside of the broad range of professional competence or that he suffered any prejudice as a result of his counsel's actions. (Doc. #94). Second, the government argues that defendant has failed to exhaust his administrative remedies. Without exhausting his administrative remedies with the Bureau of Prisons, defendant cannot establish that the sentence, as applied, actually withholds credit for time served. Therefore, defendant cannot proceed with his § 2255 claim before this court. (Doc. #94).

**Motion To Vacate**

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687, 694.

**Discussion**

The government argues that this § 2255 action is not properly before the court because defendant "nowhere alleges exhaustion, or even pursuit, of his administrative remedies." (Doc. #94). Defendant replies that this claim is properly brought under § 2255 because he is challenging the 70-

month sentence originally imposed by this court, not the Bureau of Prisons' sentence calculation. (Doc. #97).

"[I]t is the Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, which have the responsibility of computing sentences and giving credit for time previously served." *United States v. Berry*, 814 F.2d 1406, 1411 (9th Cir. 1987). At this time, the court does not know how the Bureau of Prisons will calculate defendant's sentence. Indeed, without exhausting his administrative remedies, which he has not alleged, defendant does not know how the Bureau of Prisons will calculate his sentence and whether he will receive credit for time served. Thus, at this point in the proceedings, the court cannot reasonably determine whether the 70-month sentence withholds time-served credits. Therefore, defendant's § 2255 motion is not properly before the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Ricardo Banuelos' *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. # 89) be, and the same hereby is, DENIED without prejudice.

DATED December 23, 2011.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**