**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICARDO BANUELOS,<br><br>　　　　Defendant. | 2:07-CR-137 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Ricardo Banuelos motion to vacate pursuant to 28 U.S.C. § 2255. (Docs. # 102, 103). The court ordered the government to respond (doc. # 105) and the government filed a response (doc. # 109). Defendant replied. (Doc. # 117).

**I.　Procedural History**

*A.　State Offense and Sentence*

On May 2, 2005, Banuelos was arrested in Nevada by state authorities on suspicion of a drug related felony. (Presentence report ("PSR") 8). On May 15, 2006, Banuelos pleaded guilty. (Doc. # 103, 9). Banuelos was sentenced to three years probation. (*Id.* at 8). On June 6, 2007, while still on probation, Banuelos was arrested in Nevada by state authorities for a probation violation. (PSR 8).

On April 2, 2008, state court ordered revocation of probation and entered an amended judgment of conviction. (Doc. # 103, 9). The state court found that Banuelos had violated his probation and was sentenced to 12 to 48 months imprisonment. (*Id.*). Banuelos remained in state

**James C. Mahan**
**U.S. District Judge**

custody until May 18, 2009, when he was paroled from state prison to the U.S. Marshals. (Doc. # 103, 11).

*B.    Federal Offense and Sentence*

On June 27, 2007, a grand jury in the District of Nevada returned a two-count indictment charging Banuelos with felon in possession of a firearm (count one, 18 U.S.C. §§ 922(g)(1), 924(a)(2)), and distribution of 34.9 grams of actual (pure) methamphetamine (count two, 21 U.S.C. §§ 841(a), 841(b)(1)(B)(viii)). (Doc. # 1).

On September 9, 2009, Banuelos pleaded guilty to count two pursuant to a written plea memorandum. (Docs. # 70, 71). The plea memorandum did not mention his then pending Nevada state court sentence, or contain any recommendations regarding the relationship between his state and federal sentences.

On December 7, 2009, counsel for Banuelos submitted a sentencing memorandum (doc. # 78), as well as a series of letters and documents in support of a 70-month custodial sentence, at the low-end of the guideline range. (Doc. # 79-80).

On December 21, 2009, this court accepted the arguments set forth in Banuelos' plea memorandum, and sentenced him to 70-months imprisonment. (Doc. # 82). Judgment was rendered by this court on December 30, 2009, memorializing Banuelos' 70-month sentence.

*C.    28 U.S.C. § 2255 Motions*

On December 22, 2010, Banuelos filed a motion to vacate pursuant to § 2255. In this motion defendant argued: (1) that he was denied effective assistance of counsel at sentencing; (2) that his federal sentence should run concurrently with his state sentence; and (3) that he did not receive credit for time served. (Docs. # 89, 91). The court dismissed this motion without prejudice as Banuelos failed to exhaust his administrative remedies.

After exhausting his administrative remedies provided by the Bureau of Prisons, Banuelos filed the current § 2255 motion. (Docs. # 102, 103). In this motion to vacate Banuelos raises the same arguments in his previous motion to vacate. He is alleging ineffective assistance of counsel because his attorney failed to investigate and to bring to the court's attention that Banuelos was

1 entitled to credit for time he was on state probation and in federal custody.[1] (*Id.*) The government responded to Banuelos' motion, contending that Banuelos is clearly not eligible for additional credit and that Banuelos is not able to satisfy the two-prong test set out by *Strickland*. (Doc. # 109).

## II. Legal Standard

### A. 28 U.S.C. § 2255 Motion, Procedural Default

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). But the "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

---

[1] Banuelos had a previous state charge in his PSR listed under "defendant's criminal history" of an arrest on May 2, 2005, and a probation revocation on April 2, 2008. (PSR 8). Banuelos is contesting that because of his counsel's ineffective assistance he did not receive credit for his time spent in custody from May 22, 2008, to May 18, 2009.

Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509).

The government does not argue that defendant's claims are procedurally defaulted and the court does not find the claims to be procedurally defaulted either. Therefore, the court turns to the merits.

B.      *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a challenger must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When considering this claim, a court must apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2010)

To show prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"The Sixth Amendment imposes on counsel a duty to investigate, because reasonably effective assistance must be based on professional decisions and informed legal choices can be made only after investigation of options." *Strickland,* 466 U.S. at 680. However "[f]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (citations omitted).

"Courts have generally rejected claims of ineffective assistance premised on a failure to investigate where the record demonstrates that the defendant would have pled guilty despite the

additional evidence and where the additional evidence was unlikely to change the outcome at trial." *Lambert v. Blodgett*, 393 F.3d 943, 982-83 (9th Cir. 2004). A district court's findings in accepting a guilty plea "constitute a formidable barrier in any subsequent collateral proceedings" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (2008) (citations omitted).

Title 18 U.S.C. § 3584, states:

Multiple sentences of imprisonment

(a) Imposition of concurrent or consecutive terms.—If multiple terms of imprisonment are imposed on a defendant at the same time, or *if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment,* the *terms may run concurrently or consecutively,* except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

(b) Factors to be considered in imposing concurrent or consecutive terms.—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate.—Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

*Id*. (emphasis added).

Title 18 U.S.C. 3585(b) states:

(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense of the offense for which the sentence was imposed

that *has not been credited against another sentence.*

*Id*. (emphasis added)**.**

    *1.*    Strickland *Prong One: Professional Reasonableness / Deficient Performance*

Banuelos' attorney acted within the "wide range" of professional reasonableness when she did not advance an argument concerning his previous criminal conduct. Whether counsel should advance a "credit argument" would have been unknown at the time of the sentencing. The existence of a dispute over sentencing credits does not arise until *after* sentencing has occurred and the Bureau of Prisons has made a decision in regards to custody credits for time spent in service of the state.

Additionally, although Banuelos points to the sentencing transcript (doc. # 88) to show an absolute omission concerning his state parole and pre-sentencing credits, he fails to acknowledge that the information of his criminal record was in the PSR which was present before this court. Banuelos' attorney's decision not to mention his previous criminal history was not a failure to investigate, as the information was present the PSR.

Further, when asked if there were any concerns with the PSR's contents, there was no objection. (Doc. # 88, 3:14). Banuelos' attorney stated during the sentencing hearing that "the guideline calculations are correct . . . and the factual information in the PSR is correct." (Doc. # 88, 4:3). Because Banuelos' previous state sentencing and charges were in the PSR, it cannot be said that it was not a strategic choice to forgo an objection on this basis. Any objection to correctly stated facts in the PRS would have been not only meritless but also improper.

Accordingly, this court does not find that Banuelos' counsel's performance was deficient. While the court need not address prejudice, the court does so in good faith.

    *2.*    Strickland *Prong Two: Prejudice*

In this case, Banuelos argues that he was prejudiced by his counsel's failure to investigate the pre-sentencing matters related to his custody credits and his counsel's failure to object to the computation of his credit for time served. He contends that this prejudice resulted in an additional year of time he must serve.

Defendant relies on *Glover v. United States*, 121 S.Ct. 696 (2001)*,* which holds that "any time of actual jail time has Sixth Amendment significance." *Id*. at 700. *Glover*, however does not

stand for the proposition that presence of jail time establishes prejudice. The fundamental question is still governed by *Lockhart* which states that "[t]he determinative question-whether there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'-remains unchanged.'" 474 U.S. at 57.

Banuelos is claiming prejudice by stating that he would not have to serve one more year of imprisonment if the court had been informed of this information during his sentencing hearing. This logic however is flawed. Defendant relies on his belief that his possible sentencing credit would alter the outcome of his sentencing hearing. However, the prerogative to determine prior custody credit is governed by 18 U.S.C. § 3585(b), which leaves the attorney general, through the Bureau of Prisons, responsible for computing sentences. *United States v. Wilson*, 503 U.S. 329, 333-37 (1992). This credit cannot be calculated until the defendant actually commences serving her or his sentence. *Id*.

Although Banuelos has fully exhausted his administrative remedies before the Bureau of Prisons, and is now properly before this court; the basis for his ineffective assistance claim does not comport with well established law. Any presentence custody credit Banuelos was going to receive would have been dictated by the Bureau of Prisons once he was in their custody, not by any argument raised by counsel at sentencing.

Additionally, there is no indication in the record that the court had decided that Banuelos' federal plea agreement and sentence should run concurrent to his state violations. The record as it existed before the court contained all the relevant information for the court to make a decision as to whether Banuelos' prison terms should run concurrently.[2] The court decided, under 18 U.S.C. 3585, that Banuelos' federal sentence was to be consecutive to the state sentence. Therefore, there was no prejudice to Banuelos because the court had all relevant information before it at sentencing.

Further, Banuelos is not eligible for additional credit. Although 18 U.S.C. § 3585(b) allows for the application of credit for prior custody, it prohibits this application when the prior credit has

---

[2] This court notes that there was also a pending case in the Las Vegas Justice Court, Case Number 07F11412A at the time of federal sentencing. (PSR 11 at 37)

**James C. Mahan**
**U.S. District Judge**

- 7 -

been accredited toward another sentence. In Banuelos' case the previous sentence was for a probation violation where he was sentenced to 12 to 48 months, beginning on June, 5, 2007 and running until May 18, 2009. (Doc. # 103, 9). Therefore during the disputed time, Banuelos was already serving time toward another sentence. Thus, credit would be improper as Congress has made it clear that a defendant could not receive double credit for his detention time under 18 U.S.C. § 3585(b).

Last, Banuelos was not transferred into the primary jurisdiction of the federal court until May 2009. As stated, the Bureau of Prisons' response to Banuelos' administrative request, "the federal court merely 'borrows' the prisoner under the provisions of writ for secondary custody," and therefore defendant was still a primary state prisoner during the contested time period. (Doc. # 103, 12) (citing from P.S. 5880.29, Page 1 - 20(B)). Therefore, his time served for the federal sentence could not have been credited until after May 19, 2009, as he was not in federal primary jurisdiction until that time.

Thus, for the above reasons, the court does not find that Banuelos has been prejudiced by his counsel's performance as his sentence would have been the same even if a deficiency in counsel existed.

## III. Certificate of Appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, if a court denies petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that defendant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the court declines to issue a certificate of appealability.

**IV.     Conclusion**

Based on the foregoing analysis Banuelos' claim fails as he has not met the rigorous standard of *Strickland* to show ineffective assistance of counsel for failure to investigate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Banuelos' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (doc. # 102) be, and hereby is, DENIED**.**

. . .

. . .

. . .

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED March 25, 2013.

_____
UNITED STATES DISTRICT JUDGE